McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00253-DAD-BAM |
|---|---|
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| PATRICK MALDONADO, et al., | |
| Defendant. | DATE: June 8, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a status conference on June 8, 2020. On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice and allows district judges to continue all criminal matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, the court's subsequent declaration of a judicial emergency based on 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021, with additional findings to support the exclusion in the Judge's discretion. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

*Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on June 8, 2020.

2. By this stipulation, defendant now moves to continue the status conference until September 14, 2020 at 1:00 p.m., under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for defendants desire additional time to confer with their clients and conduct further investigation.

   b) Counsel for defendants believe that failure to grant the above-requested continuances would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c) The government does not object to the continuances and agrees to keep the government's offer open until September 1, 2020.

   d) In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because the defendant does not consent to proceed using videoconferencing or telephone conferencing pursuant to General Order 614.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 8, 2020 to September 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) (Local Code T4) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: May 28, 2020                         McGREGOR W. SCOTT
                                            United States Attorney


                                            /s/ KAREN A. ESCOBAR
                                            KAREN A. ESCOBAR
                                            Assistant United States Attorney

DATED:      May 28, 2020.

                                            /s/ Roger Bonakdar
                                            ROGER BONAKDAR
                                            Counsel for Defendant Maldonado

DATED:      May 28, 2020.

                                            /s/ Kevin P. Rooney
                                            ROGER BONAKDAR
                                            Counsel for Defendant Zambrano

DATED:      May 28, 2020.

                                            /s/ Peter Jones
                                            PETER JONES
                                            Counsel for Defendant Vo

DATED:      May 28, 2020.

                                            /s/ Steven Crawford
                                            STEVEN CRAWFORD
                                            Counsel for Defendant Phan

DATED:      May 28, 2020.

                                            /s/ Charles Lee
                                            CHARLES LEE
                                            Counsel for Defendant McGowan

**ORDER**

IT IS SO ORDERED that the Status Conference is continued from June 8, 2020, to **September 14, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 29, 2020**                              /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE